**Reference Request Sheet**

**ARCIS** | **Archives and Records Centers Information System**

| | |
|---|---|
| **Reference Request #:** | ARR1-2281285421 |

| | |
|---|---|
| **Request Category :** | General Reference |
| **Transfer #:** | PT-021-2011-0716 |
| **Container #:** | 1 |
| **Asset #:** | AAC1-369469047 |
| **Asset Location :** | RVR-01-02-040-2-003-03-006 |
| **Case/File Information :** | CR01-1062 US V ORSINGER |
| **Whole Container:** | N    **Public Request :**  N |
| **Creation Date :** | 11/18/2016 |
| **Charge Code :** | 00 |
| **Requested By :** | ELIZABETH STEPHENSON |
| | U.S. Courts |

**Assigned To :**
**Batch #:**        326SS1 SREQ

**Ship To :**
ELIZABETH STEPHENSON
401 W WASHINGTON STREET SUITE 130
PHOENIX AZ 85003

| | |
|---|---|
| **Shipping Method :** | SmartScan |
| **Shipping Acc #:** | N/A |
| **Nature of Service :** | SmartScan |
| **Service Level :** | Standard |
| **Source :** | Portal |
| **Email :** | beth_stephenson@azd.uscourts.gov |

**Agency Comments :**
Request smart scan of docket number 449, plea agreement for the above-referenced case and defendant - please e-mail to: Beth_Stephenson@azd.uscourts.gov.

Thank you in advance for your assistance.

14 pages    1    11/21/16

11/21/2016 08:59:30

---

326SS1 SREQ        RVR-01-02-040-2-003-03-006
**Transfer#:**PT-021-2011-0716  **Box:**1  **CC:**00

ARR1-2281285421        **Asset#:** AAC1-369469047        **Whole Container:**  N

**C/F:**CR01-1062 US V ORSINGER                **Created:** 11/18/2016

General Reference        SmartScan

Standard     SmartScan     N/A
**TO:**   ELIZABETH STEPHENSON
401 W WASHINGTON STREET SUITE 130
PHOENIX AZ 85003
**P:** (602)322-7106   **F:** (602)322-7209

1 | PAUL K. CHARLTON
United States Attorney
2 | District of Arizona

3 | VINCENT Q. KIRBY
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Avenue, Suite 1200
4 | Phoenix, Arizona 85004-4408
Arizona State Bar No. 06377
5 | Telephone (602) 514-7500

```
┌──────────────────────────────┐   ┌──────────────────────────────┐
│ ___ FILED    ☒ LODGED        │   │ ☒ FILED    ___ LODGED        │
│ ___ RECEIVED  ___ COPY       │   │ ___ RECEIVED  ___ COPY       │
│        SEP 1 6 2003          │   │        DEC - 9 2003          │
│   CLERK U S DISTRICT COURT   │   │   CLERK U S DISTRICT COURT   │
│     DISTRICT OF ARIZONA      │   │     DISTRICT OF ARIZONA      │
│ BY_____ DEPUTY    │   │ BY_____ DEPUTY    │
└──────────────────────────────┘   └──────────────────────────────┘
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| United States of America, | CR-01-1062-PCT-MHM |
|---|---|
| Plaintiff, | **PLEA AGREEMENT** |
| v. | (Sentencing Guidelines Are Applicable) |
| Johnny Orsinger, | |
| Defendant. | |

        Plaintiff, United States of America, and defendant, Johnny Orsinger, hereby agree to the following disposition of this matter:

## PLEA

        Defendant will plead guilty to the Second Superseding Indictment charging him with:

**Counts 1 and 5**  First Degree Premeditated First Degree Murder in violation of Title 18, United States Code, Section 1111;

**Count 2**  Car Jacking violation of Title 18, United States Code, Section 2119;

**Count 3**  First Degree Felony Murder - Robbery in violation of Title 18, United States Code, Sections 1111 and 2111;

**Count 4**  Robbery in violation of Title 18, United States Code, Section 2111;

**Count 6** First Degree Felony Murder - Kidnaping in violation of Title 18, United States Code, Sections 1111 and 1201;

**Count 7**  Kidnaping in violation of Title 18, United States Code, Section 1201;

each a felony offense.

DEC 1 1

# TERMS

Defendant understands that the guilty plea is conditioned upon the following terms, stipulations, and requirements:

## 1.   **Maximum Penalties**

a.     Each violation of Title 18, United States Code, **Section 1111**, First Degree Murder is punishable by a maximum fine of $250,000, a maximum term of imprisonment of any term of years up to life, or both and a term of supervised release not to exceed 5 years.

A violation of Title 18, United States Code, **Section 2119**, Car Jack is punishable by a maximum fine of $250,000, a maximum term of imprisonment of any term of years up to life, or both and a term of supervised release not to exceed 5 years.

A violation of Title 18, United States Code, **Section 2111** Robbery, is punishable by a maximum fine of $250,000, a maximum term of imprisonment of 15 years, or both and a term of supervised release not to exceed 3 years.

A violation of Title 18, United States Code, **Section 1201**, Kidnap is punishable by a maximum fine of $250,000, a maximum term of imprisonment of any term of years up to life, or both and a term of supervised release not to exceed 5 years.

According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the court shall:

(1)     Order the defendant to make restitution to any victim of the offense unless, pursuant to Title 18, United States Code, Section 3663 and Section 5E1.1 of the Guidelines, the court determines that restitution would not be appropriate in this case;

(2)     Order the defendant to pay a fine, which may include the costs of probation, supervised release or incarceration, unless, pursuant to Title 18, United States Code 3611 and Section 5E1.2(e) of the Guidelines, the defendant establishes the applicability of the exceptions found therein;

(3)     Order the defendant, pursuant to Title 18, United States Code, Section 3583 and Section 5D1.1 and 2 of the Guidelines to serve a term of supervised release when

1    required by statute or when a sentence of imprisonment of more than one year is imposed,

2    and the court may impose a term of supervised release in all other cases.

3          b.      Pursuant to Title 18, United States Code, Section 3013, the court is required to

4    impose a special assessment on the defendant of $100.00 per count.  The special assessment

5    is due at the time the defendant enters the plea of guilty, but in no event shall it be paid later

6    than the time of sentencing.

7    **2.**      **Agreements Regarding Sentencing**

8          a.      Pursuant to Rule 11(a)(2), the defendant specifically reserves the right to

9    appeal only the denial of his motion to suppress his November 5, 2001 and November 29,

10   2001statements to law enforcement by court orders dated March 24, 2003, April 15, 2003

11   and April 24, 2003.  If he prevails on this specific issue, he may then withdraw his plea.  All

12   other issues will be waived.  There are no other agreements regarding sentence..

13         b.      Defendant understands that the court is neither a party to nor bound by this

14   agreement and specifically the court has complete discretion to impose the maximum

15   sentence possible for the crime to which defendant has plead.  Defendant further understands

16   that if the court imposes a sentence different from what the United States recommends, the

17   defendant will not be permitted to withdraw the guilty plea.

18         c.      If the court, after reviewing the plea agreement, concludes that any provision is

19   inappropriate, it may reject the plea agreement giving the defendant, in accordance with

20   Fed. R. Crim. P. 11(c)(5), an opportunity to withdraw the guilty plea.

21         d.      The United States retains the unrestricted right to make any and all statements

22   it deems appropriate to the Probation Office and to make factual and legal responses to any

23   statements made by the defendant or defense counsel or objections to the presentence report

24   or to questions by the court at the time of sentencing.

25   **3.**      **Agreement to Make Restitution**

26         Defendant specifically agrees to make restitution in an amount to be determined by the

27   court.

28

1   **4.      Agreement to Dismiss or Not to Prosecute**

2          a.      This agreement does <u>not</u>, in any manner, restrict the actions of the United

3   States in any other district nor bind any other United States Attorney's Office.

4          b.      The United States is not presently aware of any federal/state investigations or

5   charges.

6   **5.      Waiver of Defenses and Appeal Rights**

7          a.      The parties stipulate that the defendant shall preserve his right to appeal the

8   court's orders of March 24, 2003, April 15, 2003 and April 24, 2003 denying his motion to

9   suppress his statement.  However, he hereby waives any other right to raise on appeal or

10  collaterally attack any matter pertaining to this prosecution and sentence if the sentence

11  imposed is consistent with the terms of this agreement.

12  **6.      Perjury and Other False Statement Offenses or Other Offenses**

13         Nothing in this agreement shall be construed to protect the defendant in any way from

14  prosecution for perjury, false declaration or false statement, or any other offense committed

15  by defendant after the date of this agreement.  Any information, statements, documents, and

16  evidence which defendant provides to the United States pursuant to this agreement may be

17  used against the defendant in all such prosecutions.

18  **7.      Reinstitution of Prosecution**

19         If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the

20  United States  will be free to prosecute the defendant for all charges of which it has

21  knowledge, and any charges that have been dismissed because of this plea agreement will be

22  automatically reinstated.  In such event, defendant waives any objections, motions, or

23  defenses based upon the Statute of Limitations, the Speedy Trial Act or constitutional

24  restrictions in bringing of the later charges or proceedings.  The defendant understands that

25  any statements made at the time of the defendant's change of plea or sentencing may be used

26  against the defendant in any subsequent hearing, trial, or proceeding as permitted by

27  Fed. R. Crim. P. 11(f).

28

4

1  **8.      Disclosure of Information to U.S. Probation Office**

2        Defendant understands the United States' obligation to provide all information in its

3  file regarding defendant to the United States Probation Office.

4        The defendant will cooperate fully with the United States Probation Office.  Such

5  cooperation will include truthful statements in response to any questions posed by the

6  Probation Department including, but not limited to:

7             (1)      All criminal history information, i.e., all criminal convictions as defined

8  under the Sentencing Guidelines.

9             (2)      All financial information, e.g., present financial assets or liabilities that

10  relate to the ability of the defendant to pay a fine or restitution.

11             (3)      All history of drug abuse which would warrant a treatment condition as

12  part of sentencing.

13             (4)      All history of mental illness or conditions which would warrant a

14  treatment condition as a part of sentencing.

15                          **FACTUAL BASIS**

16        I further agree that if this matter were to proceed to trial the United States could prove

17  the following facts beyond a reasonable doubt:

18  **ELEMENTS**

19      **Premeditated Murder**

20      First, the defendant unlawfully killed Alyce Slim and/or Tiffany Lee.

21      Second, the defendant killed Alyce Slim and/or Tiffany Lee with malice aforethought;

22      Third, the killing was premeditated;

23      Fourth, the killing occurred on the Navajo Indian Reservation, within the District of

24      Arizona and,

25      Fifth,  the defendant is an Indian.

26      To kill with malice aforethought means to kill either deliberately and intentionally or

27      recklessly with extreme disregard for human life.

28

1    Premeditation means with planning or deliberation.  The amount of time needed for

2    premeditation of a killing depends on the person and the circumstances.  It must be

3    long enough, after forming the intent to kill, for the killer to have been fully conscious

4    of the intent and to have considered the killing.

5    **Car Jack**

6    First, the defendant and/or others with the intent to cause death or serious bodily

7    injury took a motor vehicle,

8    Second, the motor vehicle was taken from the person or presence of another

9    Third, the motor vehicle had been transported, shipped or received in interstate or

10   foreign commerce

11   Fourth, the events took place in the District of Arizona

12   **Felony Murder - Robbery**

13   First, on or about October 28, 2001, the defendant committed, or aided and abetted in

14   the commission of, a robbery;

15   Second,  that in the course and in furtherance of that robbery, the defendant caused the

16   death of Alyce Slim and/or Tiffany Lee;

17   Third,  that the defendant acted with malice aforethought in killing Alyce Slim and/or

18   Tiffany Lee;

19   Fourth,  that the defendant is an Indian, and

20   Fifth,  that the events occurred on the Navajo Indian Reservation, in the District of

21   Arizona.

22   To kill with malice aforethought means to kill either deliberately and intentionally or

23   recklessly with extreme disregard for human life.

24   To prove the defendant guilty of felony murder, the government need not prove intent

25   to kill.  The only intent required is the intent to commit robbery.

26

27

28

6

**Robbery**

First, that the defendant intentionally took or attempted to take from the person or presence of Alyce Slim and Tiffany Lee anything of value; and

Second, that the taking was done by force and violence, or by intimidation.

Third, that the defendant is an Indian, and

Fourth, that the events occurred on the Navajo Indian Reservation, in the District of Arizona.

**Felony Murder - Kidnap**

First, on or about October 28, 2001, the defendant committed a kidnap;

Second, that in the course and in furtherance of that kidnap, the defendant caused the death of Tiffany Lee;

Third, that the defendant acted with malice aforethought in killing Tiffany Lee;

Fourth, that the defendant is an Indian, and

Fifth, that the events occurred on the Navajo Indian Reservation, in the District of Arizona.

To kill with malice aforethought means to kill either deliberately and intentionally or recklessly with extreme disregard for human life.

To prove the defendant guilty of felony murder, the government need not prove intent to kill. The only intent required is the intent to commit kidnaping.

**Kidnap**

First, the defendant kidnaped Tiffany Lee within the Navajo Indian Reservation; and

Second, the defendant held Tiffany Lee for ransom, reward or other benefit.

Third, that the defendant is an Indian, and

Fourth, that the events occurred on the Navajo Indian Reservation, in the District of Arizona.

7

1  **Aid and Abet**

2  First, the events occurred on the Navajo Indian Reservation within the District of

3  Arizona

4  Second, the crime was committed by someone, and

5  Third, the defendant knowingly and intentionally aided, counseled, commanded,

6  induced or procured that person to commit that crime, and

7  Fifth, the defendant acted before the crime was completed.

8

9  **FACTS**

10  The defendant, an Indian, was part of a group that decided to commit a robbery.  On

11  or about October 26, 2001 the defendant and Lezmond Mitchell left from Round Rock,

12  Arizona for Gallup, New Mexico to steal a truck to use in the robbery.  On October 28, 2001,

13  65 year old Alyce Slim and her 9-year old granddaughter, Tiffany Lee, left Fort Defiance, Az

14  to meet with a couple of medicine ladies in New Mexico.

15  On October 28, 2001 the defendant and Mitchell obtained a ride from Ms. Slim who

16  had been in New Mexico that day and was returning home in Arizona.  At some point near

17  Wheatfield Lake, Az., within the confines of the Navajo Indian Reservation, she pulled over

18  to let the two out.  The defendant, who was seated behind Ms. Slim, took one of the knives

19  that he and Mitchell had purchased in Gallup, New Mexico and stabbed Ms. Slim repeatedly

20  in order to take her truck for the planned robbery.  He intended to kill her.  He and Mitchell

21  inflicted a total of 33 knife wounds to her body.  After they were done they pulled Ms. Slim

22  over the seat and put her on the rear seat of the pickup.  They also put Tiffany Lee in the rear

23  seat with her grandmother.

24  Then they drove the truck into the Lukachukai Mountains within the confines of the

25  Navajo Indian Reservation, Arizona to get rid of the victims.  Once there, Mitchell walked

26  Tiffany Lee away from the truck.  The defendant heard a scream and Mitchell called him

27  over.  He saw that the girl's throat had been cut.  He watched Mitchell slash her throat for a

28

8

second time.  Then he heard Mitchell yell at her to "lay down and die" which she did. Mitchell and the defendant each forced large rocks out of the ground.  The defendant dropped the first rock on her head and she cried out.  They continued throwing rocks, each which weighed approximately 20 pounds, several times against her head until she was dead.

They left the bodies and drove the truck and parked it near a canyon behind Mitchell's grandfather's residence south of Round Rock, Arizona.  It eventually was used in the robbery of Trading Post.

The medical examiner determined that Ms Slim died of multiple stab wounds and that Tiffany Lee died of blunt force trauma to her head which resulted in several fractures of her skull.

At some point the defendant and Mitchell also beheaded the victims and buried the parts in an attempt to prevent the victims' identification and their own arrests.  They also burned the victims' clothing and personal papers.

### DEFENDANT'S APPROVAL AND ACCEPTANCE

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions.

I have discussed the case and my constitutional and other rights with my attorney.  I understand that by entering my plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea.  I have further been advised by my attorney of the nature and range of the

9

1  possible sentence and that my ultimate sentence will be determined according to the

2  guidelines promulgated pursuant to the Sentencing Reform Act of 1984. I understand that

3  the Guideline Range referred to herein or discussed with my attorney is not binding on the

4  court and is merely an estimate. I further understand that under certain limited circumstances

5  the court may depart upward or downward from the calculated guideline range.

6       My guilty plea is not the result of force, threats, assurances or promises other than the

7  promises contained in this agreement. I agree to the provisions of this agreement as a

8  voluntary act on my part, rather than at the direction of or because of the recommendation of

9  any other person, and I agree to be bound according to its provisions.

10       I fully understand that, if I am granted probation or placed on supervised release by

11  the court, the terms and conditions of such probation/supervised release are subject to

12  modification at any time. I further understand that, if I violate any of the conditions of my

13  probation/supervised release, my probation/supervised release may be revoked and upon such

14  revocation, notwithstanding any other provision of this agreement, I may be required to serve

15  a term of imprisonment or my sentence may otherwise be altered.

16       I agree that this written plea agreement contains all the terms and conditions of my

17  plea and that promises made by anyone (including my attorney), and specifically any

18  predictions as to the guideline range applicable, that are not contained within this written plea

19  agreement are without force and effect and are null and void.

20       I am satisfied that my defense attorney has represented me in a competent manner.

21       I am fully capable of understanding the terms and conditions of this plea agreement. I

22  am not now on or under the influence of any drug, medication, liquor, or other intoxicant or

23  depressant, which would impair my ability to fully understand the terms and conditions of

24  this plea agreement.

25

26  9/16/03
    Date

27                           JOHNNY ORSINGER
                         Defendant

28

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the sentencing guideline concept with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

9/16/03
Date

MICHAEL BERNAYS
Attorney for Defendant

11

# UNITED STATES' APPROVAL

I have reviewed this matter and the plea agreement.  I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

PAUL K. CHARLTON
United States Attorney
District of Arizona

September 16, 2003
Date

VINCENT Q. KIRBY
Assistant U.S. Attorney

# COURT'S ACCEPTANCE

12-8-03
Date

HONORABLE MARY H. MURGUIA
United States District Judge

12